FILED
OCT -6 20
CLERK, U.S. DISTRICT
ALEXANDRIA, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | 1:09-cr-00523 (LMB) |
| ENRIQUE CASTRO, ) | 1:10-cv-01080 (LMB) |
| ) | |
| Movant. ) | |

## MEMORANDUM OPINION

Enrique Castro, a federal prisoner confined at the Federal Prison Camp in Manchester, KY, has filed a pro se Motion Under 28 U.S.C. to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ["Motion to Vacate"], in which he argues that his defense attorney provided ineffective assistance of counsel by not pursuing his eligibility to be sentenced below the statutory minimum sentence, as provided by the safety valve in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Because Castro's claims are meritless, his Motion to Vacate will be summarily dismissed without a response from the United States.[1]

### I. Background

On November 6, 2008, Enrique Castro was arrested during an attempted drug deal in which he was en route to supply another co-

---

[1] Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

conspirator with approximately ten ounces of cocaine. During a search of Castro's work vehicle, law enforcement officers discovered 288.8 grams of cocaine. Officers then executed a search warrant at Castro's home, where they located a total of 172.5 grams of cocaine, $10,814.00 in cash, and an unloaded .22 caliber handgun and ammunition belonging to Castro. The handgun and ammunition were stored in a safe in the closet of the master bedroom, while the cocaine and the vast majority of the cash were located at the edge of an attic entrance directly above that safe. During the search, a canine trained to detect narcotics also "alerted" to the safe itself.

On December 14, 2009, Castro waived indictment and was charged by a Criminal Information with conspiring to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). That charge carries a five-year mandatory minimum sentence, unless a defendant is safety-valve eligible under the criteria set forth in U.S.S.G. § 5C1.2. Castro pled guilty to the 21 U.S.C. § 841(a)(1) charge on December 14, 2009 by way of a signed plea agreement and statement of facts. In the statement of facts, Castro admitted that he was involved in a conspiracy to distribute cocaine, and that 172.5 grams of cocaine, a .22 caliber pistol, and $10,814.00 in cash were found in his residence.

Castro was sentenced by this Court on March 5, 2010. During the sentencing hearing and in briefing before the sentencing

hearing, Castro's defense counsel objected to any gun enhancement under U.S.S.G. § 2D1.1(b)(1) and argued that his client should be eligible for the U.S.S.G. § 5C1.2 safety valve. Specifically, defense counsel contended that the gun enhancement did not apply because there was no evidence that Castro ever possessed the .22 caliber gun or any other gun in connection with a drug transaction. Counsel argued that because "[n]o gun was possessed in furtherance of the conspiracy for which Mr. Castro pled guilty and it was not reasonably foreseeable to him that his co-conspirators possessed guns in connection with their conspiracy, . . . U.S.S.G. § 2D1.1(b)(1) does not apply in this case." Resp. to Position of the U.S. with Respect to Sentencing at 3.

However, this Court expressly rejected that argument at the March 5, 2010 sentencing hearing, finding that there was a clear connection between the .22 caliber gun and Castro's drug offense. The Court acknowledged that the gun was unloaded and locked in a safe, but noted that there was also ammunition nearby. See Tr. of Sentencing at 9. Furthermore, in light of the close proximity of the gun to the stash of money and cocaine in the attic space above, the Court found that "the proximity here is more than sufficient" to establish that the gun enhancement was proper. Id. Accordingly, the Court ruled that the gun enhancement disqualified Castro from safety-valve eligibility and sentenced him to the 60 months mandatory minimum sentence.

## II. Standard of Review

As a federal prisoner, Castro proceeds under 28 U.S.C. § 2255, which provides for collateral attack on a conviction or sentence that was imposed in violation of the United States Constitution or laws, where the court lacked jurisdiction to impose the sentence, where the sentence was in excess of the maximum authorized by law, or where the sentence or conviction is otherwise subject to collateral attack. To prevail on a § 2255 motion, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

Relief under 28 U.S.C. § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result[ ] in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178 (1979). Moreover, a motion pursuant to § 2255 "may not do service for an appeal," and claims that have been waived are therefore procedurally defaulted unless the movant can show cause and actual prejudice. United States v. Frady, 456 U.S. 152, 165-67 (1982). An exception, however, applies when a movant brings a claim of constitutionally ineffective assistance of counsel. See United States v. DeFusco, 949 F.2d 1114, 120-21 (4th Cir. 1991).

## III. Discussion

### A. Waiver

As a threshold matter, Castro signed a plea agreement on December 14, 2009 in which he "knowingly waive[d] the right to appeal [his conviction] and any sentence within the statutory maximum . . . on any ground whatsoever." Plea Agreement at ¶ 6. In this § 2255 habeas motion, however, Castro is effectively challenging the validity of the 60-month sentence that he received. Moreover, because Castro is not claiming that he is innocent of the offense for which he was convicted, the only relief available should his motion be granted would be to invalidate his sentence and grant a new sentencing hearing. That fact raises concerns that Castro may simply be seeking to circumvent the terms of his plea agreement by using federal habeas procedures to pursue a line of argument that was clearly foreclosed on direct appeal.

However, because Castro has framed his claim as one for ineffective assistance of counsel, this § 2255 motion does not violate the precise terms of his plea agreement. See Hill v. Lockhart, 474 U.S. at 53-59 (noting that courts may address claims of ineffective assistance of counsel in the context of a guilty plea even when the matters involved would otherwise be waived under the plea agreement). Additionally, the Fourth Circuit has in fact expressed a preference that claims of ineffective

5

assistance of counsel be raised in § 2255 habeas proceedings, not on direct appeal, unless it "conclusively appears from the record that defense counsel did not provide effective representation." United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). This Court will therefore proceed to consider the merits of Castro's claim.

### B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a movant must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). That test requires proof of two things: (1) deficient performance, and (2) prejudice. Therefore, to prevail on his § 2255 claim, Castro must first demonstrate that his trial counsel's performance was not "reasonably effective," meaning that it "fell below an objective standard of reasonableness." Id. at 687-88. Next, he must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The movant bears the burden of proof on both of these prongs. Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). However, Castro cannot make either showing on the facts of this case.

#### 1. Deficient performance

First, Castro cannot establish that his trial counsel's

performance fell below an objective standard of reasonableness. To the contrary, defense counsel made detailed arguments in his Response to the Position of the United States with Respect to Sentencing that the gun enhancement in U.S.S.G. § 2D1.1(b)(1) should not apply to Castro's case. Moreover, at the sentencing hearing, defense counsel strenuously argued against the application of the gun enhancement, and repeatedly contended that the .22 caliber gun was unrelated to the drug conspiracy. See Tr. of Sentencing at 5-8. The Court explicitly rejected that argument, finding sufficient evidence of physical proximity between the gun, the money, and the cocaine to support an inference that the gun was related to Castro's 21 U.S.C. § 841(a)(1) drug offense. Id. at 6.

Castro correctly states that after losing his argument against the gun enhancement, defense counsel did not then pursue the additional - but substantially similar - line of argument that even though the gun enhancement applied to his case, Castro could still be safety-valve eligible because the gun had no "nexus" to his offense. Specifically, counsel did not cite to the cases that Castro mentions in his § 2255 motion, United States v. Blount, 337 F.3d 404 (4th Cir. 2003) or United States v. Clark, No 7:09-CR-00053, 2009 U.S. Dist. LEXIS 89135 (W.D. Va. Sept. 28, 2009), both of which hold that even if a defendant possesses a firearm and is therefore subject to a gun enhancement, he might nonetheless be

safety-valve eligible under U.S.S.G. § 5C1.2. if the government cannot meet its burden of proving that "the defendant possessed [the] firearm *in connection with* another felony offense." Blount, 337 F.3d at 411 (internal citations omitted) (emphasis added).

However, failure to pursue a losing argument does not constitute ineffective assistance of counsel. See Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995). In fact, defense counsel's decisions not to pursue a Blount argument, and to concede that "given [the Court's] rulings, . . . this is a five-year mandatory minimum case," Tr. of Sentencing at 10, were eminently reasonable. To invoke Blount or Clark, defense counsel would have had to literally repeat his prior arguments about the lack of connection between the .22 caliber gun and the drug charge to which Castro had pled guilty - an argument that defense counsel had already passionately advanced and decisively lost. In fact, this Court had twice specifically directed defense counsel to move on from that point, saying:

> THE COURT: All right. Well, I think the proximity here is more than sufficient . . . and I recognize you[r] objection to that, Mr. Miller, but I'm going to find the enhancement was proper given the close location and the somewhat unique location, that is, a crawl space attic access through the closet, with a safe right there in that same closet, and then the drugs and the money found basically above the safe in that attic area.
>
> MR. MILLER: Well, factually . . .
>
> THE COURT: I've ruled on that issue, and we're going to move on then.
>
> MR. MILLER: I understand, but factually that was

8

the only access in the house.

THE COURT: All right, that makes it even stronger, frankly, to me, the connection.

MR. MILLER: Well -

THE COURT: And so we disagree on that -

MR. MILLER: Yes.

THE COURT: - but that's how I'm going to go.

Tr. of Sentencing at 9. Under the circumstances, it would have been the height of futility for defense counsel to continue to argue that there was no "clear[] nexus between the firearm and the associated offense." Blount, 337 F.3d at 411. Accordingly, counsel's conduct falls well within the range of what is "generally presumed to be a reasonable strategic choice," Buckner v. Polk, 453 F.3d 195, 201 (4th Cir. 2006), and Castro cannot carry his burden of demonstrating that his attorney's performance was unconstitutionally deficient.

2. Prejudice

Moreover, Castro cannot establish that there is any "reasonable probability that, but for counsel's unprofessional errors, the result of [his sentencing] proceeding would have been different." Strickland, 446 U.S. at 694. Rather, this Court had already clearly articulated its view that Castro's gun was closely connected to the drug conspiracy, telling defense counsel "I do not accept your argument that you've been able to show that there was no way in which that gun would be connected to the drugs."

Tr. of Sentencing at 5-6.

That argument would have been no more persuasive to the Court if repackaged as a Blount contention. Accordingly, even if defense counsel had invoked Blount for the proposition that Castro was still safety-valve eligible, it is highly unlikely that the Court would have agreed with defense counsel and reached a different conclusion in this case, given the findings made during defense counsel's earlier arguments. The end result of Castro's sentencing hearing, a sentence to the mandatory minimum of 60 months imprisonment, would therefore have been precisely the same, and Castro cannot satisfy his burden of proving otherwise. Accordingly, Castro's ineffective assistance of counsel claim fails on the prejudice as well as the performance prong of the Strickland analysis.

## IV. Conclusion

Given this record and the applicable law cited above, there is no merit to the claims in Castro's § 2255 Motion to Vacate, which will be dismissed by an Order to be issued with this Memorandum Opinion.

Entered this 6th day of October, 2010.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge